NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANCIE METH,

    Plaintiff,

v.

THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.; DR. COURTNEY PENDLETON, M.D.; DR. DONALD YE, M.D.; DR. SUSAN E. WEST, M.D.; JOHN AND JANE DOES 1-10; and ABC ENTITIES 1-10,

    Defendants.

Civ. No. 17-3133

**OPINION**

RECEIVED
FEB 09 2018
AT 8:30
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

    This matter comes before the Court upon a motion by Defendants Courtney Pendleton, M.D., Susan E. West, M.D., and Donald Ye, M.D. ("Defendants") to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF Nos. 3, 4.) The Motion is unopposed. The Court has issued the opinion below based upon the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' Motion to Dismiss is granted.

### BACKGROUND

    Plaintiff Francie Meth ("Plaintiff") brings this medical malpractice action alleging that Defendants were negligent in her care and treatment. Plaintiff's allegations are summarized as follows: Plaintiff is an individual citizen of the State of New Jersey. (Compl. ¶ 1, ECF No. 1-1.) The moving Defendants are individuals employed as physicians by Defendant Thomas Jefferson University Hospitals, Inc. (the "Hospital"), a Pennsylvania corporation with its principal place of

1

business in Philadelphia, PA. (*Id.* ¶¶ 2–5.) The Complaint does not allege facts about the state citizenship of Defendants, the individual doctors named in the lawsuit.

On April 25, 2015, Plaintiff was admitted to the Hospital with a diagnosis of frontal opercular meningioma and underwent a left frontal craniotomy surgery. (*Id.* ¶ 8.) She was discharged on April 27, 2015. (*Id.* ¶ 9.) On May 31, 2015, Plaintiff was readmitted to the Hospital for a revision surgery which required significant removal of additional bone from her head. (*Id.* ¶¶ 10–11.) She was discharged on June 4, 2015. (*Id.* ¶ 12.) By letter dated June 10, 2015, Defendants notified Plaintiff that she had acquired a hospital infection which necessitated the revision surgery. (*Id.* ¶ 13.) In Count I, Plaintiff alleges that Defendants—her doctors—breached their professional duty of care in their treatment, admission, and discharge of Plaintiff, causing serious and painful injuries of a permanent and disabling nature. (*Id.* ¶¶ 15–17.) In Count II, she alleges that the Hospital is vicariously liable for this breach because Defendants were its agents or employees acting within the scope of their employment. (*Id.* ¶¶ 18–21.)

On May 26, 2017, Plaintiff filed this professional negligence action in state court, seeking damages, costs, interest, and counsel fees for Defendants' alleged malpractice and the Hospital's vicarious liability. (ECF No. 1-1.) After being served in November 2017, Defendants and the Hospital removed the state case to federal court on December 20, 2017, on the basis of diversity jurisdiction. (ECF No. 1.) On December 28, 2017, Defendants moved to dismiss for lack of personal jurisdiction. (ECF Nos. 3, 4.) Plaintiff has not filed opposition, and the time to respond has expired. Defendants' Motion is presently before the Court.

## LEGAL STANDARD

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts

2

between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). The plaintiff must prove by competent evidence that jurisdiction is proper. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). To meet this burden, the plaintiff may either present her case for personal jurisdiction in an evidentiary hearing or point out facts and allegations in the complaint that, if taken as true, would establish that the court has jurisdiction over the defendant. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Where the court does not hold an evidentiary hearing, the plaintiff need only present a *prima facie* case for the exercise of personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long-arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). New Jersey's long-arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). There are two types of personal jurisdiction: general and specific. General jurisdiction

exists where the defendant has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). Specific jurisdiction exists when the defendant purposely directs its activities at the forum such that the defendant "should reasonably anticipate being haled into court in that forum," the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with 'fair play and substantial justice.'" *Remnick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 463). A defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to these standards. *See* Fed. R. Civ. P. 12(b)(2).

## ANALYSIS

Accepting as true the allegations in Plaintiff's Complaint, the Court need not conduct a fulsome general jurisdiction analysis. Plaintiff does not allege that Defendants have the continuous and systematic contacts with New Jersey required for an exercise of general jurisdiction. The Court will therefore turn to specific jurisdiction, and its particular application in medical malpractice cases against out-of-state physicians.

"[I]n malpractice cases, . . . courts generally hold that doctors who treat patients who have travelled from another state to receive care are not subject to jurisdiction in a malpractice action in the patient's home state after they return there." *Brownstein v. N.Y. Univ. Med. Ctr.*, 1994 WL 669620, at *5 (D.N.J. Nov. 22, 1994) (citing *Schwilm v. Holbrook*, 661 F.2d 12, 15 (3d Cir. 1981); *Gelineau v. N.Y Univ. Hosp.*, 375 F. Supp. 661 (D.N.J. 1974); *Bovino v. Brumbaugh*,

4

534 A.2d 1032 (N.J. Super. Ct. App. Div. 1987)). The defendant's purposeful availment is the touchstone for a minimum contacts analysis, and "this district has consistently held a non-resident medical provider's treatment of a New Jersey resident is insufficient to support specific jurisdiction." *Wharam v. Washington Univ.*, 2015 WL 6769004, at *4 (D.N.J. Oct. 9, 2015) (collecting cases), *report and recommendation adopted*, 2015 WL 6773721 (D.N.J. Nov. 4, 2015). As the Third Circuit has explained,

> Many doctors maintain an essentially local practice. They do not solicit patients from out of state, nor do they derive special benefits from treating nonresidents. Unlike a commercial enterprise, which may tailor its business to avoid dealing with out of state customers, a physician, and especially one on a hospital emergency room staff, is obliged to treat whoever requires medical attention. The doctor's professional obligations substantially dilute the "purposefulness" of caring for a foreign patient.

*Schwilm*, 661 F.2d at 15; *Brownstein*, 1994 WL 669620, at *6 ("[A] doctor's treatment is essentially a local act, and not one that, without more, will subject her to long arm jurisdiction in the patient[']s home forum."). *But see Schwilm*, 661 F.2d at 15 n.4 ("This analysis obviously applies with much less force to a doctor serving a multistate metropolitan area, such as a Philadelphia physician who draws patients from the New Jersey suburbs.").

Plaintiff does not allege any facts in her Complaint to suggest that these Defendants purposefully availed themselves of New Jersey's protections sufficient to establish personal jurisdiction as a *prima facie* matter. Further, because Plaintiff has not opposed this Motion, she has not introduced any evidence showing that these Defendants have sufficient contacts with the State of New Jersey for an exercise of personal jurisdiction by this Court.[1] *See Abuhouran v.*

---

[1] Defendants aver that they lack sufficient contacts with New Jersey since they do not have professional licenses from, reside in, advertise in, treat patients in, maintain offices in, or own property in New Jersey. (Defs.' Br. at 2–3, ECF No. 4.) The Court cannot consider this assertion because (1) it was made exclusively in Defendants' brief—not in an affidavit or by some other

5

*Fletcher Allen Healthcare*, 2009 WL 1834316, at *8 (D.N.J. June 25, 2009) ("Plaintiff has come forth with no evidence that the . . . Defendants are affiliated with any hospitals, medical centers, or health care facilities in New Jersey, nor has Plaintiff shown that [Defendants] advertise[] in New Jersey. Plaintiff has presented no evidence that any of the individual doctors named in the Complaint live, practice, or are licensed to practice medicine in New Jersey."). Because Plaintiff has failed to carry her burden of proof, the Court cannot exercise personal jurisdiction over Defendants, and their Motion to Dismiss must be granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. A corresponding order will follow.

Dated: 2/9/18

ANNE E. THOMPSON, U.S.D.J.

---

competent evidence, and (2) on a motion of this nature, the Court must "constrain[] its analysis to those [documents] that are provided by the Plaintiff for the Court's review," *Tier v. Equifax Info. Sys., L.L.C.*, 2013 WL 3872097, at *2 (D.N.J. July 25, 2013).