NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCIE METH,

        Plaintiff,

v.

THOMAS JEFFERSON UNIVERSITY
HOSPITALS, INC.; DR. COURTNEY
PENDLETON, M.D.; DR. DONALD YE,
M.D.; DR. SUSAN E. WEST, M.D.; JOHN
AND JANE DOES 1-10; and ABC ENTITIES
1-10,

        Defendants.

Civ. No. 17-13323

OPINION

THOMPSON, U.S.D.J.

    This matter comes before the Court upon a motion for summary judgment by the sole remaining Defendant, Thomas Jefferson University Hospitals, Inc. ("Defendant"). (*See* ECF Nos. 11, 13.) The Motion is unopposed. The Court has issued the opinion below based upon the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion is granted.

## BACKGROUND

    This case concerns allegations of professional negligence. On April 25, 2015, Plaintiff Francie Meth ("Plaintiff") was admitted to the Defendant hospital with a diagnosis of frontal opercular meningioma and underwent a left frontal craniotomy surgery. (Compl. ¶ 8, ECF No. 1-1.) She was discharged on April 27, 2015. (*Id.* ¶ 9.) On May 31, 2015, Plaintiff was readmitted for a revision surgery which required significant removal of additional bone from her head. (*Id.* ¶¶ 10–11.) She was discharged on June 4, 2015. (*Id.* ¶ 12.) By letter dated June 10, 2015,

1

Defendants notified Plaintiff that she had acquired a hospital infection which necessitated the revision surgery. (*Id.* ¶ 13.) In Count I, Plaintiff alleges that her doctors breached their professional duty of care in their treatment, admission, and discharge of Plaintiff, causing serious and painful injuries of a permanent and disabling nature. (*Id.* ¶¶ 15–17.) In Count II, she alleges that Defendant is vicariously liable for this breach because the physicians were its agents or employees acting within the scope of their employment. (*Id.* ¶¶ 18–21.)

On May 26, 2017, Plaintiff filed this professional negligence action in New Jersey state court, seeking damages, costs, interest, and counsel fees for the defendant physicians' alleged malpractice and Defendant's vicarious liability. (ECF No. 1-1.) After being served in November 2017, Defendants removed the state case to federal court on December 20, 2017 on the basis of diversity jurisdiction. (ECF No. 1.) On December 28, 2017, the physician defendants moved to dismiss for lack of personal jurisdiction (ECF Nos. 3, 4), which the Court granted without prejudice on February 9, 2018 (ECF Nos. 7, 8). Under the Scheduling Order issued by Magistrate Judge Tonianne Bongiovanni, Plaintiff was required to file an Affidavit of Merit by May 26, 2018. (*See* ECF No. 10.) To date, Plaintiff has not filed an Affidavit of Merit with the Court. On June 22, 2018, Defendant filed a Motion to Dismiss the Complaint for failure to file an Affidavit of Merit. (ECF Nos. 11, 12.) By Letter Order on June 27, 2018, the Court notified the parties that it was converting the Motion to a motion for summary judgment and adjourned the briefing schedule by one week. (ECF No. 27.) Plaintiff has not filed opposition within that extended deadline. The Court now considers the Motion.

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002). In resolving a motion for summary judgment, a district court considers the facts drawn from "materials in the record," including depositions, documents, affidavits, and declarations. Fed. R. Civ. P. 56(c)(1)(A). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## ANALYSIS

Pursuant to New Jersey statutory law, a plaintiff in a professional negligence action must provide each defendant with an Affidavit of Merit ("AOM"), which states "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." N.J.S.A. 2A:53A-27. Per statute, the plaintiff shall provide the AOM within 60 days following the defendant's answer, with the potential for a one-time 60-day extension thereafter, authorized by court upon a finding of good cause. *Id.* Because the purpose of the AOM is for a plaintiff to demonstrate a threshold showing of a meritorious claim, the AOM must be provided by an "appropriate licensed person." *Id.*; *see also A.T. v. Cohen*, 175 A.3d 932, 937 (N.J. 2017). "[T]he New Jersey affidavit of merit statute is

3

substantive state law that must be applied by federal courts sitting in diversity." *Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000). The New Jersey Supreme Court has interpreted failure to file an AOM under N.J.S.A. 2A:53A-29 to require dismissal with prejudice, absent extraordinary circumstances, *see A.T.*, 175 A.3d at 937 (citing *Alan J. Cornblatt, P.A. v. Barrow*, 708 A.2d 401, 415 (N.J. 1998)), or substantial compliance with the statute, *see Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 783 (N.J. 2003) (collecting cases).

It is beyond dispute that the instant case sounds in professional negligence, asserting tort causes of action for medical malpractice against physician providers and their hospital employer. (*See generally* Compl.) Further, this Court sits in diversity and thus must apply New Jersey law, as Plaintiff is a citizen of New Jersey and Defendant is a citizen of Pennsylvania (*id.* ¶¶ 1, 5). Defendant answered Plaintiff's Complaint on December 28, 2017. (ECF No. 5.) Therefore, under New Jersey law, Plaintiff should have filed an AOM by the end of February 2018, or at the outer limit, the end of April 2018 with a one-time 60-day extension. Pursuant to Judge Bongiovanni's Scheduling Order, Plaintiff was granted even more time to prepare and file the AOM—until May 26, 2018. To date, Plaintiff has not filed an AOM, nor has she communicated any extraordinary circumstances or efforts at substantial compliance with this threshold statutory requirement. Plaintiff's failure to satisfy N.J.S.A. 2A:53A-27 or to establish the existence of any disputed facts with respect to compliance requires the Court to enter summary judgment in favor of Defendant.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted. A corresponding order will follow.

Dated: July 20, 2018

_____
ANNE E. THOMPSON, U.S.D.J.

4